FILED

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DENNIS MITCHELL (Cal. State Bar No.: 116039)
Assistant United States Attorney
Environmental Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2484
    Facsimile: (213) 894-6436
    E-mail: dennis.mitchell@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

2012 JUL 18 AM 11:20

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. CR 12 00669 |
|---|---|
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>DNP INTERNATIONAL COMPANY, INC.</u> |
| v. | ) |
| DNP INTERNATIONAL COMPANY, INC., and DAVID JI, | ) |
| Defendants. | ) |

    1.  This constitutes the plea agreement between DNP International Company, Inc. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a) Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one, three and four of a four-count information in the form attached to this agreement as Exhibit "A" or a substantially similar form.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing factors

contained in this agreement.

## CORPORATE AUTHORIZATION

4. Defendant represents that it is authorized to enter into this Agreement. On or before the date of entry of this Agreement, defendant shall provide to the USAO and the Court a notarized legal document certifying that defendant is authorized to enter into and comply with all of the provisions of this Agreement. Such corporate resolution shall designate a corporate representative authorized to take these actions, and that all corporate formalities for such authorizations have been observed.

## ORGANIZATIONAL CHANGES AND APPLICABILITY

5. This Agreement shall bind defendant, its successor corporation, if any, and any other person or entity that assumes the liabilities contained herein ("successor-in-interest"). Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation Office for the Central District of California with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this Agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this Agreement. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

## NATURE OF THE OFFENSE

6. Defendant understands that for defendant to be guilty of the crime charged in count one (violation of Title 21, United States Code, Sections 331(t), 353(e)(2)(A), and 333(b)(1)(D)), the following must be true: Defendant knowingly engaged in the wholesale distribution in interstate commerce of a prescription drug, namely somatropin, in the State of California without being properly licensed by the State of California.

In order to be guilty of the crime charged in counts three and four, (violation of Title 21, United States Code, Sections 331(d), 355(a), and 333(a)(1)), the following must be true: Defendant introduced and delivered a new drug, as defined in Title 21, United States Code, Section 321(p), into interstate commerce, and the new drug so introduced had not, at that time, been approved by the Secretary of Health and Human Services through a new drug application, an abbreviated new drug application, or a notice of a claimed exemption for an investigational new drug, pursuant to Title 21, United States Code, Sections 355 and 331(d).

Defendant admits that defendant is, in fact, guilty of these offenses as described in counts one, three and four of the information.

## PENALTIES

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 331(t), 353(e)(2)(A), and 333(b)(1)(D) is: a period of five years probation, a fine of $500,000 or twice the gross gain or gross loss resulting from the

offense, whichever is greatest; and a mandatory special assessment of $400.

Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 21, United States Code, Sections 331(d), 355(a), and 333(a)(1) is five years probation, a fine of $200,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest, a forfeiture of substitute asset in the amount of $147,000, and a mandatory special assessment of $125.

8.  Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: five years probation, a fine of $900,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $650.

### SUSPENSION/REVOCATION/DEBARMENT

9.  Defendant understands that if defendant holds any regulatory license or permit the conviction in this case may result in the suspension or revocation of such license and/or permit.  By this Agreement, the USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof.  Suspension and debarment of organizations convicted under various federal environmental protection and criminal statutes is a discretionary administrative action solely within the authority of the federal contracting agencies.

### FACTUAL BASIS

10. Defendant and the USAO agree to the statement of facts provided below.  Defendant and the USAO agree that this statement

of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about March 20, 2007, in Los Angeles County, within the Central District of California, defendant knowingly engaged in the wholesale distribution in interstate commerce of a prescription drug, namely somatropin, without being licensed by the State of California to engage in the wholesale distribution of such drug. Specifically, on or about March 20, 2007, defendant sold and distributed in interstate commerce 24 grams of somatropin to Lowen's Drug Store in Brooklyn, New York, without being licensed by the State of California to engage in such wholesale distribution.

On or about April 2, 2007 and on or about April 16, 2007, defendant introduced and delivered for introduction into interstate commerce, somatropin, a new drug, as defined in Title 21, United States Code, Section 321(p), that had not been approved by the Secretary of Health and Human Services through a New Drug Application, an Abbreviated New Drug Application, or a notice of claimed exemption for an Investigational New Drug, pursuant to Title 21, United States Code, Section 355, in violation of Title 21, United States Code, Section 331(d). Specifically, on the aforementioned dates, defendant sold and distributed somatropin in interstate commerce to Lowen's Drug Pharmacy in Brooklyn, New York.

All of the somatropin that was introduced into interstate commerce by defendant on or about April 2, 2007 and on or about April 16, 2007, was not approved by the Secretary of Health and Human Services through a New Drug Application, an Abbreviated New Drug Application, or a notice of claimed exemption for an Investigational New Drug, pursuant to Title 21, United States Code, Section 355. In addition, that somatropin cannot be located upon the exercise of due diligence, has been placed beyond the jurisdiction of the Court, has been transferred or sold to or deposited with a third party, has been substantially diminished in value, or had been commingled with other property which cannot be divided without difficulty. The value of that somatropin, as evidenced by the total of DNP's corresponding invoices for those sales, was $147,000.

### SENTENCING FACTORS

11. Defendant and the USAO agree and stipulate that, pursuant to Sentencing Guidelines §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in determining the fine for an organization violating statutes relating to the unlicensed sale of a prescription drug in interstate commerce (U.S.S.G. § 2N2.1). Defendant understands that in determining defendant's sentence, the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a)

factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

## SENTENCING AGREEMENT

12. Defendant and the USAO agree that an appropriate sentence in this case is a three-year term of probation, a fine of $103,000 on count one, a forfeiture of $147,000 as a substitute asset for defendant's distribution and sales of somatropin described in counts three and four, and a special assessment of $650. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), the parties' sentencing recommendation is a reasonable and fair sentence in this matter.

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    d) The right to confront and cross-examine witnesses against defendant.

    e) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

f) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15. Defendant agrees that, provided the Court imposes a term of probation and fine of no more than the statutory maximum on the count of conviction, defendant gives up the right to appeal all of the following: (a) the procedures and calculation used to determine and impose any portion of the sentence; (b) the fine imposed by the Court; (c) the term of probation imposed by the Court, provided it is within the statutory maximum; and (d) any of the following conditions of probation imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court.

16. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of probation of no less than three years, the USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

17. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and

succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (I) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

18. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

19. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the

express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

20.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule,

that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

21. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

22. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

23. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a

binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

24. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing

as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

*/s/ Dennis Mitchell*     7-17-12
DENNIS MITCHELL          Date
Assistant United States Attorney

*/s/*                    7/16/2012
Authorized Representative of   Date
DNP INTERNATIONAL COMPANY, INC.
Defendant

*/s/ Marc Harris*        7/16/12
MARC HARRIS              Date
Attorney for Defendant
DNP INTERNATIONAL COMPANY, INC.

14

MAR-19-2012 16:44        U.S. ATTORNEYS OFFICE               213 894 6436    P.017/025

CERTIFICATION OF DEFENDANT

As an authorized representative of defendant DNP International Company, Inc., a corporation ("defendant") I have had this agreement read to me in _CHINA_, the language I understand best. I understand the terms of this agreement, and I voluntarily agree to those terms. Defendant's attorneys have advised me of defendant's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation provided by defendant's attorneys in this matter.

_____          7/16/2012
Authorized Representative of       Date
DNP INTERNATIONAL COMPANY, INC.
Defendant

Received  03-19-2012  04:35pm    From-213 894 6436    To-SCHEPER KIM & HARRIS    Page 017

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am DNP International Company, Inc.'s attorney. I have carefully discussed every part of this agreement with the authorized representative of defendant. Further, I have fully advised the authorized representative of defendant's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, the decision of defendant and its authorized representative to enter into this agreement is an informed and voluntary one.

_[signature]_       7/16/12
MARC HARRIS       Date
Attorney for Defendant
DNP INTERNATIONAL COMPANY, INC.

## CERTIFICATE OF SERVICE

I, __Sandy Ear__, declare:

That I am a citizen of the United States that my business address is Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of California, at whose direction the service by mail described in this Certificate was made; that on **July 18, 2012**, I deposited in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope a copy of: `Plea Agreement for DNP International Company, Inc.`

addressed to:   Marc Harris, Esq.
Scheper, Kim & Overland
601 W. 5th Street, 12th Floor
Los Angeles, CA 90071

at his last known address, at which place there is a delivery service by United States mail.

This Certificate is executed **on July 18, 2012,** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct and resident or employed in Los Angeles County, California.

_/s/ Sandy Ear_
SANDY EAR